UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURE G.

                            Plaintiff,

v.                                                    1:20-CV-1321
                                                               (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>JEANNE MURRAY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JUNE BYUN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.     Factual Background

Plaintiff was born in 1977. (T. 87.) He received a GED. (T. 154.) Generally, Plaintiff's alleged disability consists of back injury. (T. 79.) His alleged disability onset date is January 1, 2017. (*Id.*)

### B.     Procedural History

On April 7, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 125.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 11, 2019, Plaintiff appeared before the ALJ, Paul Greenberg. (T. 44-78.) On June 7, 2019, ALJ Greenberg issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-29.) On July 27, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-25.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 7, 2017. (T. 18.) Second, the ALJ found Plaintiff had the severe impairments of degenerative disc disease; dysfunction of major joints (non-dominant left shoulder and knees); and status-post aortic aneurism (with resection). (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 19.) Fourth, the ALJ found Plaintiff had the residual functional capacity

("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a).  (T. 19.)[1]  The ALJ found Plaintiff could frequently balance and stoop; occasionally kneel, crouch, crawl, and climb ramps and stairs; cannot climb ladders, ropes, or scaffolds.  (*Id*.)  The ALJ found Plaintiff cannot work around unprotected heights or moving mechanical parts; cannot operate motorized equipment as part of the job; and can occasionally reach (bilaterally).  (*Id*.)  The ALJ found Plaintiff must be able to sit for five minutes after standing for 25 minutes or stand for five minutes after sitting for 25 minutes, but he can continue working while in either position.  (*Id*.)  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-25.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes four separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to apply the correct legal standard for evaluating the medical opinions. (Dkt. No. 11 at 17-19.)  Second, Plaintiff argues the ALJ failed to evaluate the opinions provided by Graham Huckell, M.D.  (*Id*. at 19-20.)  Third, Plaintiff argues the ALJ failed to properly evaluate the opinions provided by Scott Croce, DCPC.  (*Id*. at 20-22.)  Fourth, and lastly, Plaintiff argues the ALJ assessed Plaintiff with a highly specific RFC based on his own lay opinion, rather than substantial

---

[1]     Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a)

3

evidence. (*Id*. at 23-27.) Plaintiff also filed a reply in which he deemed no reply necessary. (Dkt. No. 13.)

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues substantial evidence supports the ALJ's evaluation of the medical opinions. (Dkt. No. 12 at 15-17.) Second, Defendant argues the ALJ properly evaluated Dr. Croce's statements of disability. (*Id*. at 19-20.) Third, Defendant argues the ALJ was not required to consider Dr. Huckell's statements of temporary disability. (*Id*. at 21-22.)

## III. RELEVANT LEGAL STANDARD

### B. Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447. "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV.   ANALYSIS

Plaintiff argues the ALJ failed to apply the correct legal standard in evaluating medical opinion evidence. (Dkt. No. 11 at 17-19.) Plaintiff further asserts the ALJ failed to evaluate statements provided by Dr. Croce and ignored statements provided by Dr. Huckell. (*Id*. at 19.) Lastly, Plaintiff argues the ALJ committed error in assessing a "highly specific" RFC based on his own lay opinion. (*Id*. at 23-27.) Defendant argues Plaintiff fails to meet his burden of proving a more restrictive RFC and substantial evidence, including examinations and opinion evidence, support the ALJ's RFC determination. (Dkt. No. 12 at 10-22.) For the reasons outlined herein, any error in evaluating statements provided by Drs. Croce and Huckell was harmless and the ALJ's RFC determination was supported by substantial evidence in the record.

**A. Plaintiff's Filing Date and Applicable Regulations**

On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. For claims failed after March 27, 2017, the ALJ must apply the applicable new regulations. *Id*. Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(a). The regulations explain that when "evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings," the "most important factors ... are supportability ... and consistency." *Id.* The regulations further require the ALJ to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [its] determination or decision." *Id.* § 416.920c(b)(2).

In his decision, the ALJ found Plaintiff's application date to be April 7, 2017, after the new regulations went into effect. (T. 18.) Neither party disputed this finding. (Dkt. No. 11 at 18, Dkt. No. 12 at 2.) Indeed, the date on Plaintiff's SSI application is April 7, 2017. (T. 125.) Based on the application date of April 7, 2017, the regulations under 20 C.F.R. § 416.920c apply. However, in his decision, the ALJ stated he considered opinion evidence "in accordance with the requirements of 20 C.F.R. [§] 416.927," the regulation applicable to claims filed prior to March 27, 2017. (T. 19.) The ALJ then proceeded to discuss and assign weight to the various medical opinions in accordance with 20 C.F.R. § 416.927.

Although Plaintiff's SSI application is dated April 7, 2017, the record indicates Plaintiff has a protective filing date of March 16, 2017. (T. 79, 87, 149.) A protective filing date establishes the earliest possible application date based on a claimant's oral inquiry about SSI eligibility or a verbal or written statement of the claimant's intent to file for SSI. POMS DI 25501.370. Based on Plaintiff's protective filing date of March 16, 2017, the revised regulations would not apply to the ALJ's determination.

Because neither party disputes the ALJ's finding that Plaintiff filed for benefits on April 7, 2017, the Court will use this date as Plaintiff's application date. However, as discussed in greater detail below, regardless of which version of the regulation is applicable to Plaintiff's claim, any error in applying the correction regulation was harmless because the substance of the regulation was not traversed.

**B. Harmless Error**

Plaintiff argues the ALJ failed to apply 20 C.F.R. § 416.920c. (Dkt. No. 11 at 18.) Plaintiff assert "the ALJ failed to acknowledge that the new regulations controlled in this

7

case, and he proceeded to give weight to each opinion, clearly evaluating the opinions according to the old regulations for weighing medical opinion evidence." (*Id*.)  Plaintiff argues the ALJ committed "harmful legal error, as he failed to provide the correct legal standard which controlled this case based on the application date of April 7, 2017." (*Id*.)  For the reasons outlined here, any procedural error committed by the ALJ was harmless because both versions of the regulations direct ALJs to evaluate statements on issues reserved to the Commissioner in a substantially similar manner.

The failure to apply the proper regulations when assigning weight pursuant to 20 C.F.R. § 416.927 is a remandable procedural error, unless "a searching review of the record" assures the reviewing Court "that the substance of the treating physician rule was not traversed."  *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019).  Similarly, the failure to apply the proper regulations when assessing medical opinions under 20 C.F.R. § 416.920c is a remandable procedural error, unless "a searching review of the record assures us that the substance of the regulation was not traversed."  *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (quoting *Estrella*, 925 F.3d at 96); *see Mark C. v. Kijakazi*, No. 21-CV-0184L, 2022 WL 16797962, at *2 (W.D.N.Y. Nov. 8, 2022) (failure to explicitly discuss supportability and consistency factors was harmless error where "[t]he ALJ's decision set forth all of the evidence upon which the ALJ relied, and implicitly compared the supportability and consistency of that evidence with the opinions of record."); *see Deborah D. v. Comm'r of Soc. Sec.*, No. 21-CV-48, 2022 WL 4922075, at *4 (W.D.N.Y. Oct. 4, 2022) ("Although the ALJ did not fully analyze the persuasiveness of Hanavan's opinion in connection

8

with his analysis of Plaintiff's mental impairments, given the context of the ALJ's discussion of those issues, it is evident why he rejected it.").

Both the current and prior regulations direct ALJs to assess statements concerning a plaintiff's ultimate disability status in a similar manner. Under 20 C.F.R. § 416.927(d)(1), a statement that a plaintiff is disabled or unable to work is a statement on an issue reserved to the Commissioner and is not considered a medical opinion. Under 20 C.F.R. § 416.920b(c)(3)(i), statements on issues reserved to the Commissioner, are "neither valuable nor persuasive" and ALJs are not required to provide any analysis about how he considered such evidence in his decision.

Drs. Croce and Huckell provided statements concerning Plaintiff's ultimate disability status. Dr. Croce provided multiple statements that Plaintiff was "totally disabled" for limited periods of time. (T. 316-319, 614-627, 770-772.) Dr. Huckell concluded Plaintiff was "temporarily disabled with respect to the left knee." (T. 324, 343, 365, 370, 374.)

The ALJ afforded "no weight" to Dr. Croce's statements, concluding his statements went to an ultimate finding of disability, which is reserved to the Commissioner. (T. 23.) Although the ALJ did not specifically address Dr. Huckell's statements, under the new regulations which Plaintiff asserts apply, ALJs "will not provide any analysis about how [they] considered such evidence in [their] determination or decision." 20 C.F.R. § 416.920b(c). Therefore, because neither version of the regulation directs an ALJ to consider statements made by providers concerning a plaintiff's disability status, the substance of the regulations was not traversed. Further, application of the regulations which Plaintiff's asserts apply to his claim would not have

9

altered the ALJ's determination because the ALJ was not required to address the doctor's statements.

Overall, a review of the ALJ decision indicates the substance of the regulations was not traversed.  Therefore, any error in applying the applicable regulation was harmless error.

### C.  RFC Determination

Next, Plaintiff argues:

> the ALJ [ ] assessed Plaintiff with a highly specific RFC that [is] not based on any of the opinion evidence, there was no other functional assessment evidence of record, and the ALJ failed to tether the highly specific limitations to the record.  Instead, the RFC was based upon the ALJ's own lay interpretation of raw medical data and his lay opinion, which was impermissible.

(Dkt. No. 11 at 23)(internal citations omitted).  For the reasons outlined below, the ALJ's RFC was proper and supported by substantial evidence in the record.

An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id*. § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  *Id*. § 416.920c.

The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v.*

*Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Further, the ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018); *see Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (ALJ relied on a variety of evidence to formulate RFC). Therefore, Plaintiff's argument that the ALJ committed legal error in formulating an RFC absent a medical opinion is without merit.

In addition, remand is not necessary merely because the ALJ failed to conduct an explicit function-by-function analysis at step four. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Indeed, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Cichocki,* 729 F.3d at 178 n.3 (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983)).

Remand may be appropriate where there are "inadequacies in the ALJ's analysis [that] frustrate meaningful review." *Cichocki,* 729 F.3d at 177. In other words, an ALJ must conduct an analysis that would permit adequate review on appeal, and the ALJ's conclusions must be supported by relevant medical evidence. *Winn v. Colvin*, 541 F. App'x. 67, 70 (2d Cir. 2013); *see Thomas v. Berryhill*, 337 F. Supp. 3d 235, 244 (W.D.N.Y. 2018) (citing *Sewar v. Berryhill*, 2018 WL 3569934, *2 (W.D.N.Y. July 25,

2018) ("What is required is that the ALJ explain the bases for his findings with sufficient specificity to permit meaningful review.")).

Here, the ALJ's RFC determination was proper and supported by substantial evidence in the record.  In concluding Plaintiff could perform sedentary work the ALJ relied, in part, on the medical source statement provided by consultative examiner, Nikita Dave, M.D.  (T. 22-23.)  Dr. Dave opined Plaintiff "may have mild to moderate limitations for bending and twisting through the cervical and lumbar spine, prolonged sitting, standing, walking."  (T. 777.)  She further opined Plaintiff "may [have] mild to moderate limitations for gross motor manipulation through left lower extremity."  (*Id*.)  Lastly, she opined Plaintiff "may [have] moderate to marked limitations for heavy lifting and carrying, pushing, pulling, particularly with the left upper extremity, but claimant was non-participatory in the exam."  (*Id*.)  Dr. Dave's opined limitations are consistent with the demands of sedentary work and support the ALJ's RFC determination.  *See Lisa P. v. Comm'r of Soc. Sec.*, No. 19-CV-1155, 2021 WL 826715, at *3-4 (W.D.N.Y. Mar. 4, 2021) (holding that "a moderate limitation in the ability to sit does not necessarily preclude a finding that the claimant can meet the sitting demands of sedentary work"); *see Hill v. Berryhill*, 17-CV-6532, 2019 WL 144920, at *6 (W.D.N.Y. Jan. 9, 2019) (holding that moderate limitations in prolonged sitting are not inconsistent with sedentary work).

The ALJ afforded little weight to the opinion of the State agency disability consultant who indicated Plaintiff could perform light work.  (T. 23.)  The ALJ reasoned treatment records received after the doctor provided his opinion indicated Plaintiff's

functional abilities were more limited and Dr. Dave's "assessment of a limited range of sedentary capabilities is more appropriate." (*Id*.)

The ALJ further relied on objective evidence in the record. For example, the ALJ considered objective findings on examination showing mild difficulty standing from a seated position, reduced range of motion in spine, and tenderness to palpation. (T. 20.) The ALJ considered objective examinations showing reduced range of motion in shoulder, with normal strength. (T. 21.) The ALJ considered evidence of full upper and lower extremity strength, normal range of motion in the spine, negative straight leg raises, and well-balanced gait. (*Id*.) The ALJ also considered Plaintiff's treatment such as medication, chiropractic care, physical therapy, and surgery to repair an aneurism. (T. 21-22.) The objective findings, together with Dr. Dave's opinion, reasonably support the ALJ's RFC determination. Therefore, the ALJ properly assessed Plaintiff's RFC based on the record and as whole and the ALJ's rationale is apparent from his written decision.

In sum, any procedural error in evaluating the statements provided by Dr. Croce and Dr. Huckell was harmless. Under the current and previous regulations, the statements provided by the doctor's went to Plaintiff's ultimate status of disability. Therefore, the ALJ was not required to adopt the statements. Further, although the RFC did not track a specific medical opinion, the determination was proper and supported by substantial evidence in the record. Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal

citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 9, 2023

*[signature]*
William B. Mitchell Carter
U.S. Magistrate Judge